JOHN D. MORELLI, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morelli v. Commissioner
Docket No. 5513-91
United States Tax Court
T.C. Memo 1992-261; 1992 Tax Ct. Memo LEXIS 283; 63 T.C.M. (CCH) 2931; May 7, 1992, Filed *283 An appropriate order and decision will be entered. John D. Morelli, Jr., pro se. Robert E. Cudlip, for respondent. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443(b)(3) and Rules 180, 181, and 182. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure. This case is before the Court on respondent's Motion for Judgment on the Pleadings and respondent's Motion for Damages (a penalty) under section 6673. Petitioner filed an Objection to Respondent's Motion for Judgment on the Pleadings. Respondent determined deficiencies and additions to petitioner's Federal income tax as follows: Year
1983
1984
1985
1986
1987
1988
Deficiency
$ 1,241
$ 2,472
$ 2,553
$ 2,170
$ 2,341
$ 2,314
Additions to Tax
Sec. 6651(a)(1)
310
618
638
543
585
579
Sec. 6653(a)(1)
62
124
128
--
--
107
Sec. 6653(a)(2)
[1]
[2]
[3]
--
--
--
Sec. 6653(a)(1)(A)
--
--
--
109
117
--
Sec. 6653(a)(1)(B)
--
--[4]
[5]
--
Sec. 6654(a)
76
155
147
106
126
148
*284 Respondent made determinations, based upon reports from various payors, that petitioner failed to report wages, social security income, unemployment compensation, pension/annuity income, and interest income. Petitioner resided in Garnerville, New York, when his petition was filed. Petitioner disputes respondent's determinations, and claims, among other things, that: Congress could have created, but specifically chose not to create, a mandatory liability for income taxes or for the need to make income tax returns. * * * All the rules and regulations of the Internal [Revenue] Code are set up for those who consent to be bound by them; the Code is not law enacted by any legislature and is not binding upon all citizens indiscriminately. Voluntary Compliance means compliance of one's own free will * * * Petitioner filed no income tax returns; and the Secretary (of the Treasury) has filed none for Petitioner * * * Therefore, the Notices of Deficiencies are null and void * * *.
Petitioner's arguments are groundless. If the Secretary or his delegate determines a deficiency in income tax, he is authorized to send a notice of deficiency by certified or registered mail to the *285 taxpayer. Secs. 6211, 6212, and 7701(a)(11)(B); secs. 301.6211-1 and 301.6212-1, Proced. & Admin. Regs. A taxpayer has 90 days (150 days if addressed to a person outside the United States) from the mailing of a notice of deficiency within which to file a petition with the Tax Court challenging the determined tax liability. Sec. 6213; sec. 301.6213-1, Proced. & Admin. Regs. This is the route petitioner chose to follow. We find that the notices of deficiency in this case comply with the applicable statutes and reject petitioner's contentions. Section 61 provides that "gross income means all income from whatever source derived, including (but not limited to)" compensation, interest, annuities, and pensions. Furthermore, gross income also includes unemployment compensation and part of social security benefits. Secs. 85 and 86. At the hearing on respondent's motions, petitioner admitted he had no quarrel with the amounts of gross income set forth in the notices of deficiency. He also admitted that he filed no income tax returns for the years in issue. Petitioner's contention that his income is not subject to tax because "the Code is not law enacted by any legislature" is without *286 merit. The short answer to petitioner's assertions is that he is not exempt from Federal income tax. . In his petition and at the hearing on respondent's motions, petitioner made tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., , affg. an unreported Order of this Court; , affg. an unreported Order of this Court; . We see no need to repeat these discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." We agree with respondent that petitioner's petition does not allege any justiciable *287 error with respect to respondent's determinations in the notices of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, we will grant respondent's Motion for Judgment on the Pleadings, and decision will be entered for respondent for the amounts determined in the notices of deficiency for 1983, 1984, 1985, 1986, 1987, and 1988. We next consider respondent's Motion for Damages (a penalty) under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400, (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date) provides that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. We find that petitioner *288 has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's Motion for Damages, and in our decision we will require petitioner to pay to the United States a penalty of $ 6,000. An appropriate order and decision will be entered. Footnotes
1. 50% of the interest due on the underpayment due to negligence of $ 1,241. ↩
2. 50% of the interest due on the underpayment due to negligence of $ 2,472. ↩
3. 50% of the interest due on the underpayment due to negligence of $ 2,553. ↩
4. 50% of the interest due on the underpayment due to negligence of $ 2,170. ↩
5. 50% of the interest due on the underpayment due to negligence of $ 2,341.↩